*Decisions Rendered February 17, 1886.*

---

### Maynard vs. Cleveland.

Equity, from Monroe. Continuance. Practice in Superior Court. Witness. Trusts and Trustees. Payment. Fraud. Evidence. Interrogatories. (Before Judge Stewart.)

[Hall, J., being disqualified, Judge Clarke, of the Pataula circuit, presided in his stead.]

Clarke, J.—1. While continuances are in the discretion of the court, and the refusal thereof will, ordinarily, not afford ground for a new trial, unless the discretion is abused ; yet where the record shows that where the discretion was not freely used, but was controlled and constrained by an erroneous notion of the law, this furnishes a distinct ground of review to a court established for the correction of errors of law.

2. Where a party has been, honestly and without indiscretion on his part, misled by a witness to rely upon his testimony on a certain material point, and has thereby been kept from summoning another

witness, who would have testified to the same point, but whose testimony would not be needed if the misleading witness had fulfilled the just expectations; and where the said party has been surprised by contrary testimony in the depositions of the witness, just executed and brought in; it is an error of law to hold that his showing for a continuance on account of such surprise and to get the other evidence, though otherwise satisfactory, is to be answered and overruled by the mere fact that the misleading witness was not his witness, but his adversary's.

3. The rule that where one witness is present to prove a certain point, a continuance cannot of right be claimed, to get the testimony of another witness to the same point does not apply, where the present witness is an interested party contradicted by another.

4. Where a trustee holds a note belonging to the trust estate, and receives in payment thereof, wholly or partially, a credit allowed to himself on his own individual indebtedness, the payment is not, in behalf of the maker of the note, a good payment to the trust estate ; although the trustee is solvent at the time of such payment.

5. Where the bill alleges that the trustee fraudulently delivered up the note to its maker, on receipt of less than was due on it, and. that the maker fraudulently co operated with the trustee there in such allegation is sufficient to admit evidence, that part of the payment. made was in such a credit in favor of the trustee individually; because thereby is shown that, in law, less was paid than was due.

6. Where a trustee had a note payable to himself as trustee,. which he claimed to be due, but was ambiguous as to the time of maturity; and the maker contended that it was not to be paid until the marjority of the cestui que trust; and a lawsuit was threatened; and to avoid delay, litigation and expense the trustee allowed the maker a. deduction from the amount of the note, in compromise of the controversy, and so a settlement was effected:

Held, that whether the deduction shall stand in favor of the note maker, or he shall be required to pay it back to the cestui que trust, depends on whether the contest and compromise were honestly and in good faith made by the maker of the note.

7. A trustee, holding such a note, has the legal title thereto, and has, without any order of the ordinary, sufficient authority to compromise such contested claim, to afford protection therein to the debtor, who, in entire good faith, contests and compromises the claim.

8. Whether such contest and compromise are in good faith by the debtor, is a question of fact for the jury; and should be submitted to them. with proper instruction.

9. All the facts and circumstances going to show the motives of the debtor in such contest and compromise, are admissible.

10. Where the bill charges the trustee with fraudulently designing to get the proceeds of the note into his hands, for misappropriation; and seeks to hold the maker responsible, because he knew of such fraudulent design, and fraudulently aided therein; the said maker has the right to prove all the facts and circumstances going to show that the trustee was not acting in bad faith.

11. Where such a charge is made against the trustee; and it is proposed to show that he was trying to get the fund beyond the reach of threatened garnishment by creditors of the beneficiary's father, whose executor he was, and out of whose estate the trust fund came; and that the trustee was so acting for the sole purpose of securing the fund to the cestui que trust; such evidence is not inadmissible in his favor, or that of the note-maker, merely because it might show a purpose fraudulent against such creditors. To negative the charge of bad faith against the cestui que trust, it may be shown that the trustee was zealous enough in his service in the matter discussed to even violate the rights of others.

12. Where one, introducing interrogatories, omits certain answers, which are inadmissible in his behalf, because they purport to state the contents of a written instrument, the other party cannot introduce such answers merely to discredit the witness on other points, by showing that these answers are contrary to the facts proved by the writing itself.

Judgment reversed.

Jackson, C. J., and Blandford, J., concurred in the judgment, but not in that portion of the opinion relating to the continuance.

W. D. Stone; Berner & Turner; T. B. Cabaniss; John I. Hall, for plaintiff in error.

Boynton & Hammond; Allen & Tisinger; J. A. Hunt, for defendant.